### LLOYD W. WELLS & another *vs.* CHARLES T. CHILD & another.

The notice required by Gen. Sts. *c.* 93, § 5, to be given to creditors of the estate of a deceased person, and the guardian of any minor interested therein, before exempting the executor from giving a surety or sureties on his bond, may be given by a publication in a newspaper addressed to the heirs at law, next of kin, and all other persons interested in the estate; although a minor who has no guardian is interested therein.

If, after the passing of a decree in the probate court exempting an executor from giving a surety or sureties on his bond, he files a bond without any surety, dated on the day when the will was first presented for probate, bearing the approval of the judge of probate written thereon in due form, but dated and actually written on the day of the date of the bond, this will be a sufficient bond, and the statute of limitations will begin to run in favor of the executor on the day when it is filed.

CONTRACT, brought on the 16th of September 1865, upon a promissory note made to Frances G. Wells, the plaintiffs' testatrix, by John B. Fessenden, the defendants' testator, who died on the 24th of May 1862, after the note was due and payable, and in his will expressed a wish that the executors thereof might be exonerated from giving bonds for the faithful performance of their trust. The defendants pleaded the statute of limitations of actions against the representatives of persons deceased.

The case was submitted to the decision of the court upon the following facts: On the 28th of June 1862 the defendants offered the will for probate in Norfolk county, and asked to be exempted from giving a surety or sureties on their official bond; and on the same day a citation was issued by the probate court in the usual printed form, and afterwards duly published, directed ' to the heirs at law, next of kin, and all other persons interested in the estate of" the testator, setting forth the request of the executors for such exemption, and returnable on the 16th of August 1862. No other notice of such request was ordered or given to the creditors of the testator, nor to any guardian of a certain minor, who was interested as devisee under the will, and for whom no statute guardian had been appointed, nor any guardian *ad litem.* On the 16th of August the judge of probate decreed that the will be admitted to probate, and letters

testamentary be issued to the defendants, "they first giving bond without sureties for the due performance of said trust." The defendants gave bond without sureties, dated June 28th 1862, and the approval written thereon by the judge of probate bore date of the same day. The bond was filed in the probate office on the 16th of August, and the defendants thereupon gave notice in due form of their appointment. Neither the records nor the files of the probate court show any approval of the bond by the judge at any time after the 28th of June, nor any other proceeding about it than as above stated.

*C. B. Goodrich & U. H. Crocker*, for the plaintiffs, cited, besides the statutes, *Abercrombie* v. *Sheldon*, 8 Allen, 532; *McGrath* v. *Seagrave*, 2 Allen, 443, and cases cited; *Swan* v. *Horton*, 14 Gray, 179; *Peters* v. *Peters*, 8 Cush. 529, 545.

*G. Putnam, Jr.*, for the defendants.

GRAY, J. By the Gen. Sts. *c.* 97, § 1, "every executor and administrator, within three months after giving bond for the discharge of his trust," shall give public notice of his appointment; and by § 5 "no executor or administrator, after having given notice of his appointment as provided in section one, shall be held to answer to the suit of any creditor of the deceased, unless it is commenced within two years after the time of his giving bond as aforesaid, except in the cases hereinafter mentioned," of which this is not one.

By the Gen. Sts. *c.* 93, § 2, every executor, before entering upon the execution of his trust, shall give bond with sufficient surety or sureties; but by § 5 "an executor shall be exempt from giving a surety or sureties on his bond, when the testator has ordered or requested such exemption," (as this testator did,) "but not until all creditors of the estate, and the guardian of any minor interested therein, have been notified, and had opportunity to show cause against the same." And by *c.* 101; § 12, "no bond required to be given to the judge of the probate court, or filed in the probate office, shall be sufficient, unless examined and approved by the judge, and his approval thereof under hi official signature is written thereon."

The defendants gave bond without sureties; and the plaintiffs

contend that the special statute of limitations, relied on by
the defendants, does not apply to this case, for two reasons :
1st, that no sufficient notice was given to the creditors, nor to
a minor legatee, for whom no guardian had been appointed;
2d, that the bond was not approved by the judge of probate
after the creditors had had opportunity to show cause against
the same. But the court is of opinion that neither of these
reasons is sufficient to prevent the operation of the statute.

1. The Gen. Sts. *c.* 93, § 5, do not prescribe the mode of noti-
fying the creditors, or the guardian of any minor interested in
the estate, or require the executors to determine who are in law
such creditors or guardians, and serve every one of them per-
sonally with a citation, or to obtain the appointment of a
guardian for any minor who happens to have none; but are rea-
sonably and effectively complied with by the publication in a
newspaper of an order of notice addressed to all persons falling
within the classes specified in the statute, according to the usual
practice of the probate courts in cases where large numbers of
persons are interested, some of whom cannot be supposed to
be personally known to the party required to give the notice.
*Laughton* v. *Atkins,* 1 Pick. 547. *Marcy* v. *Marcy,* 6 Met. 367,
368. *Arnold* v. *Sabin,* 1 Cush. 530, 531. Gen. Sts. *c.* 92, § 21;
*c.* 117, § 29. In *Abercrombie* v. *Sheldon,* 8 Allen, 532, no notice
in any form was given to creditors, or ordered by the judge of
probate.

2. The bond, and the approval of the judge of probate, writ-
ten thereon, both bear date of the day when the executors offered
the will for probate and asked to be exempted from giving any
surety on their bond. It would have been more regular for the
judge not to approve in writing the bond without sureties, until
after the parties interested had had opportunity to show cause
against its being so given. But the Gen. Sts. *c.* 101, § 12, do not
fix any time at which his approval must be written. The bond
could have no operation before the letters testamentary were
issued ; and the formal order of the judge that they should give
bond without sureties was incorporated in the same decree
which admitted the will to probate and ordered the letters

testamentary to issue. This decree was made after the return of the order of notice, and the bond was not delivered to the judge or filed in the probate office until that day. Under these circum- stances, the 16th of August, being the day on which the bond was delivered and first had any legal operation or effect, must be deemed the time of "giving bond," within the meaning of the Gen. Sts. *c.* 97, § 1, from which the special statute of limita- tions begins to run. The description of this time, in § 3, as "the date of the administration bond," must be taken to mean the date of giving the bond in the sense above explained.

The special statute of limitations is therefore a bar to this action, and there must be          *Judgment for the defendants.*